UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

*In re:* Steven Szostek
Attorney at Law, Bar No. 3904

Case No. 2:20-cv-01067-MMD

ORDER OF SUSPENSION

## I. SUMMARY

This is an attorney discipline matter. Before the Court is Steven Szostek's response to the Court's Order to Show Cause ("OSC") why he should not be suspended from practice before this Court following the Order Approving Conditional Guilty Plea Agreement filed by the Nevada Supreme Court ("NSC") on April 23, 2020. (ECF Nos. 1 (OSC), 3 (the "Response").) As further explained below, the Court will suspend Mr. Szostek from practice before this Court because this Court has neither the obligation, resources, nor inclination to monitor Mr. Szostek's compliance with the probationary conditions the NSC imposed on him. However, Mr. Szostek may file a petition for reinstatement once he has fully discharged those conditions and can produce a certificate of good standing from the Nevada Bar Association or the NSC reflecting the same.

## II. BACKGROUND

Mr. Szostek was suspended by the NSC following his conditional guilty plea to a charge that he violated "RPC 1.3 (diligence) and RPC 8.1 (bar admission and disciplinary matters) and agreed to a six-month-and-one-day suspension, stayed subject to certain conditions, and a 36-month probationary period." (ECF No. 3 at 7.) Mr. Szostek is:

> "subject to a 36-month probation commencing from the date of this order, during which time he must not have any new grievances filed against him arising out of conduct postdating the conditional guilty plea agreement that results in actual discipline. Szostek must make monthly restitution payments of at least $1,450 on the terms outlined in the guilty plea agreement until the total restitution of $52,100.10 is paid. Additionally, he

> must pay $2,500 in administrative costs pursuant to SCR 120 and the actual costs of the disciplinary proceeding within the probationary period. Finally, within the probationary period, Szostek must complete 10 hours of continuing legal education in the areas of civil procedure and/or discovery procedure.

(*Id.* at 8-9.)

This Court issued the OSC as to why Mr. Szostek should not be suspended from practice in this Court on May 14, 2020. (ECF No. 1.) Mr. Szostek timely filed his Response on June 15, 2020. (ECF No. 3.) In his Response, Mr. Szostek argues that this Court should allow him to continue practicing before it because he is still allowed to practice law before the Nevada state courts by virtue of his suspension having been stayed, he took responsibility for his actions in entering into a guilty plea, and both has complied and intends to comply with the NSC's probationary conditions. (*Id.* at 1-2.)

## III.    DISCUSSION

This Court imposes reciprocal discipline on a member of its bar when that person is suspended or otherwise disciplined by a state court unless it determines that the state's disciplinary adjudication was improper. *See In re Kramer*, 282 F.3d 721, 724 (9th Cir. 2002). Specifically, the Court will only decline to impose reciprocal discipline if the attorney subject to discipline presents clear and convincing evidence that:

> (A) the procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; (B) there was such an infirmity of proof establishing the misconduct as to give rise to a clear conviction that the court should not accept as final the other jurisdiction's conclusion(s) on that subject; (C) imposition of like discipline would result in a grave injustice; or (D) other substantial reasons justify not accepting the other jurisdiction's conclusion(s).

LR IA 11-7(e)(3); *see also In re Kramer*, 282 F.3d at 724-25 (stating that the attorney bears the burden by clear and convincing evidence).

The Court will suspend Mr. Szostek from practice before this Court because the NSC's disciplinary adjudication regarding Mr. Szostek following his conditional guilty plea appears to have been proper, and he presents no clear and convincing evidence to the contrary. Procedurally, Mr. Szostek did not submit a certified copy of the entire record from the NSC or present any argument as to why less than the entire record will suffice.

*See* LR IA 11-7(e)(3). Substantively, while Mr. Szostek does appear to be allowed to practice in the Nevada state courts, he is also currently subject to probationary conditions that this Court has neither the obligation, resources, nor inclination to monitor. (ECF No. 3 at 7-9.) And the Court sees no substantial reasons not to suspend Mr. Szostek based on its review of the record. *See* LR IA 11-7(e)(3). The Court will therefore suspend Mr. Szostek.

That said, Mr. Szostek is free to petition the Court for reinstatement under LR IA 11-7(i) assuming he is able to successfully complete his term of probation with the NSC. Any petition for reinstatement should not be filed until Mr. Szostek has successfully discharged each and every probationary condition imposed on him by the NSC, and he is able to present both a certificate of good standing from the NSC or Nevada Bar Association, and evidence sufficient to establish that his practice in the Nevada state courts is fully unencumbered by any probationary or other conditions stemming from his conditional guilty plea or any other discipline imposed on him by the NSC.

## IV.   CONCLUSION

It is therefore ordered that Steven Szostek, Bar No. 3904, is hereby suspended from practice in the United States District Court for the District of Nevada.

DATED THIS 16th day of June 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE